CALHOUN et al. v. TAYLOR.   (No. 6754.)

(Court of Civil Appeals of Texas.   San Antonio.   May 10, 1922.   Rehearing Denied June 7, 1922.)

1. Appeal and error ☞544(2)—If conclusions of facts by trial court are sufficient when petition states cause of action, judgment of trial court must stand.

Where a petition states a cause of action, and there is no statement of facts, if the conclusions of fact of the trial court are sufficient, a judgment of the trial court must stand on appeal, regardless of the conclusions of law of the trial court.

2. Contracts ☞187(3)—Person assuming debt of another to plaintiff held liable thereon.

Where a lessee in possession under an oil and gas lease assigned to defendant all its interest in the lease and conveyed all its property on the leased premises to him in return for an assumption by defendant of a debt to plaintiff, defendant was liable to plaintiff for the debt so assumed.

3. Trover and conversion ☞10—Use of property by person lawfully in possession not conversion.

Where a lessee in possession under an oil lease assigned its lease and all the property on the leased premises, including an oil derrick, to defendant in return for an assumption by defendant of a debt due plaintiff, for which plaintiff claimed a mechanic's lien, the use of the oil derrick by a codefendant under a contract with the defendant to drill for oil did not amount to a conversion by either of the defendants.

Error from District Court, Tarrant County; Bruce Young, Judge.

Action by James T. Taylor against W. R. Calhoun and another. From judgment for plaintiff, defendants bring error. Judgment affirmed as to defendant Calhoun, and reversed as to defendant T. R. H. Smith.

L. J. Wardlaw, of Fort Worth, and H. L. Stuart, of Oklahoma City, Okl., for plaintiffs in error.

Bryan, Stone & Wade and B. L. Agerton, all of Fort Worth, for defendant in error.

FLY, C. J.   This is a suit instituted by defendant in error, who will be referred to herein, for sake of brevity, as Taylor, against W. R. Calhoun and T. R. H. Smith, who will be designated by their names herein, alleging that during 1919 the Texas Crude Oil & Refining Company owned a lease for oil and gas on a certain tract of land in Eastland county, which it had purchased from W. R. Calhoun and made a drilling contract with him. But, seeming uncertain about this allegation, it was alleged that Calhoun owned the lease, and the oil company was his agent, and that Calhoun authorized the erection of a rig and derrick on the land and became liable for the unpaid cost of erection. Without further following many unnecessary matters alleged, the sum and substance of it all was that Calhoun owed for labor and material; that a balance of $2,376.40 was still due thereon; that Taylor had a valid mechanic's lien under the terms of the law; that the oil company is insolvent and its affairs are being administered in a court of bankruptcy; that it had assigned all its interest in the lease

to Calhoun and he had assumed its debts. At this juncture Smith enters on the scene, and it is alleged that he and Calhoun took possession of the rig, derrick, lumber, etc., and converted the same to their own use and benefit. Taylor prayed that a receiver be appointed to take possession of the property, for a foreclosure of the mechanic's lien on the lease, the material and the oil wells, and for a personal judgment against the parties. A trial without a jury resulted in a judgment in favor of Taylor against Calhoun and Smith for $2,376.40, with a foreclosure of the mechanic's lien upon the derrick.

[1] There is no statement of facts, and consequently this court is relegated to the conclusions of fact for the matters proved in the lower court. The conclusions of fact are not assailed by the plaintiffs in error except on the ground that they are insufficient to form the basis for a judgment. This, in fact, is the only ground for the writ of error in this case, for, if the facts are sufficient, the judgment must stand, regardless of the conclusions of law of the trial court, as the petition states a cause of action.

[2, 3] The court found that the Texas Crude Oil Company was in possession of the 10 acres described in the petition, under an oil and gas lease, an interest in which had been assigned to it by W. R. Calhoun, in consideration, among other things, that it "spud in" a well thereon within 90 days and prosecute drilling to a certain depth; that Taylor made a contract with the company to furnish labor and material to erect a derrick on the land for the sum of $4,800; that the labor and material were furnished and the derrick erected, an additional expense of $190.30 being incurred by the company selecting a location which had to be changed. It was further found that the company assigned all its interest in the lease back to Calhoun and conveyed all its property thereon to Calhoun; the consideration being an assumption by Calhoun of the debt of $2,376.30 to Taylor, and since the latter has looked to Taylor for payment of the debt; that the company has been adjudged a bankrupt, and Taylor has not filed a claim against its estate. The court found that Smith had made a contract with Calhoun to drill for oil on the land, and he took possession of the derrick and used it for his own purposes.

If, as alleged, and concluded by the trial judge, Calhoun assumed the debt to Taylor, he is liable for it, and the judgment is correct. We strip the case of all complications and unnecessary side issues about the conversion of the property, about which large portions of briefs of both parties seem to be concerned, and hold Calhoun liable on his assumption of the debt. It is sufficient to say that no conversion of the property was shown by either Calhoun or Smith, but merely a use of property of which they were lawfully in possession. It follows that no cause of action has been shown against T. R. H. Smith, who merely used the property of which he was lawfully in possession, and who at no time promised to pay Taylor any sum whatever. The mere fact that he did not publicly proclaim and acknowledge Taylor's lien on the property could not render him liable for the debt. It was Calhoun's debt and not his, and he, under Calhoun, was the only person entitled to the possession of the land.

The judgment will be affirmed as to Calhoun, but reversed as to Smith, and judgment here rendered that, as to him, Taylor take nothing and pay all costs expended by Smith in his behalf.